UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 03-CV-397-KKC

LAZARO MONTALBAN ELEJALDE                                                            PETITIONER

VS:                           **MEMORANDUM OPINION AND ORDER**

JOSE BARRON, Jr., Warden                                                              RESPONDENT

This matter is before the Court on the respondent's motion to lift the stay herein and dismiss the instant cause for mootness [Record No. 19]. The petitioner has not responded to the motion.

BACKGROUND

On July 23, 2003, Mr. Elejalde, an individual who came to this country from the Mariel Harbor in Cuba in 1980 and was in the custody of immigration officials at the Federal Correctional Institution in London, Kentucky, filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. An immigration judge had ordered him removed from the United States, but Cuba would not repatriate him. Therefore, he alleged that his continuing detention had become impermissibly indefinite, and so he sought release on immigration parole. When the Supreme Court of the United States took up a case to consider the permissible length of time that Mariel Cubans may be detained, this Court granted a stay of proceedings [Record No. 17], pending that decision.

On February 25, 2005, the respondent filed the instant motion to lift the stay, the Supreme Court of the United States having issued the awaited opinion, *Clark v. Suarez-Martinez*, ___ U.S. ___, 125 S.Ct. 716 (January 12, 2005), which held that 8 U.S.C. §1231(a)(6), authorizing the detention of aliens who have been ordered removed, permits detention only as long as is reasonably necessary to effect removal, and 6 months would be presumed to be the reasonably necessary time.

The decision was consistent with the petitioner's position herein.

Meanwhile, the respondent had informed the Court that the petitioner had been approved for and obtained release on immigration parole. Moreover, in today's motion, the respondent states that the petitioner "may remain at large unless he violates his terms of supervision or until new circumstances made detention necessary to effectuate his removal." Therefore, because the petitioner has received the release from detention which he had sought herein, the respondent also moves the Court to dismiss the instant cause as moot.

Upon the filing of the respondent's motion, this Court issued an Order informing the *pro se* petitioner of his need to file any opposition to the motion and granting him 30 days in which to do so. The Order was sent to his post-incarceration address and was not returned by postal authorities; therefore, the Court assumes its delivery to the petitioner. The time for responding to the motion now having passed, the respondent's motion is ripe for a decision.

## ORDER

As the Sixth Circuit has written, "Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'" *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." Nothing remains to be enjoined or declared improper. *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 124 L. Ed. 2d 639, 113 S. Ct. 2416 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)). *See also Kellogg v. Shoemaker*, 46 F.3d 503 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 120 (1995).

The Court agrees with the respondent that the instant petitioner's release moots his petition

because this Court is no longer presented with a case or controversy, as is required by the Constitution. This conclusion is consistent with a Ninth Circuit decision which held that a claim was mooted on the petitioner's release on parole where the government issued a statement that it would not revoke his parole absent criminal re-involvement. *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991). Also, in *Suarez-Tejeda v. United States*, 85 Fed.Appx. 711 (10th Cir. 2004) (unpublished), the Tenth Circuit discussed the mootness doctrine; found that the release of the Mariel Cuban therein did not trigger any exceptions to the doctrine; and ultimately affirmed the dismissal of the Mariel Cuban's petition on mootness grounds. The instant petitioner's position is the same as Petitioner Suarez-Tejeda's.

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) The respondent's motion to lift the stay and dismiss for mootness [Record No. 19] is **GRANTED**;

(2) the instant petition for writ of habeas corpus is **DENIED**; the action will be **DISMISSED** from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 26th day of April, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**